**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR18** |
| Plaintiff, | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| **GLENN NICKERSON, JR.,** | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR"), the Defendant's objections (Filing No. 44), and the government's adoption (Filing No. 45). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

*¶ 33 - Base Offense Level*

The Defendant pleaded guilty to Count II of the Indictment charging him with possessing firearms after having been committed to a mental institution. One of the firearms involved in Count II was a semiautomatic rifle. (Filing No. 17.) The plea agreement reached under Federal Rule of Criminal Procedure 11(c)(1)(B) includes an agreement that the base offense level is 14 pursuant to U.S.S.G. § 2K2.1(a)(6) and apparently failed to take into account the semiautomatic firearm. The PSR assigns a base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(B) based on the involvement of a semiautomatic firearm. The Defendant objects to the base offense level 20 appearing in ¶ 33. The government adopts the report.

Given the facts and the guidelines, the Court cannot reject the application of § 2K2.1(a)(4)(B).  It appears that the parties erred in their guideline projection.  Therefore, the objection is denied.  The Court will discuss any motion for a variance or deviation, oral or written, at sentencing.

### ¶ 45 - Prior Conviction

The Defendant argues that he should not receive a criminal history point for this offense because the original sentencing date for the offense is "more than five years ago." In pertinent part, U.S.S.G. § 4A1.2(d)(2)(B) provides that a point should be assessed for a juvenile offense imposed within "five years of the defendant's commencement of the instant offense."  The Defendant was confined several times with respect to the offense described in ¶ 45, for which he was initially sentenced on December 27, 2001.  On January 4, 2007, he was paroled.  The instant offense occurred on or about August 31, 2007. Therefore, the objection is denied for the reason stated in the Addendum to the PSR and also because a successful challenge would not affect the Defendant's guideline calculation.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 44) are denied;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion

challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4.     Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5.     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 11th day of August, 2008.

BY THE COURT:

s/ Laurie Smith Camp
United States District Judge